Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**ELIZABETH HARDTKE**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 13 2013, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.A.H, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1210-JV-541 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-1208-JD-379

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

J.A.H. appeals the dispositional order following his admission to the delinquent act of resisting law enforcement. He presents one issue for our review which we restate as whether the trial court abused its discretion in ordering J.A.H. committed to the Department of Correction.

Affirmed.

**Facts and Procedural History**

J.A.H. is a seventeen-year-old male who is in the care of his mother. He has a history with the juvenile justice system going back many years; the instant case is his thirteenth referral. Appellant's App. p. 16. Over the course of that history, the juvenile court has ordered many different types of rehabilitation for J.A.H., including: formal probation, the Indiana Department of Correction's South Bend Juvenile Correctional Facility, the Day Reporting Program, Summit Counseling, Court Ordered Substance Abuse Treatment ("COSAT"), the Community Transition Program, and Central Academy. Id. J.A.H has also received psychological evaluations, medication, and individual counseling. After his successful completion of the Juvenile Justice Center's ("JCC") Community Transition Program in November 2011, J.A.H.'s problems continued. One month later, his mother filed an ungovernable complaint with St. Joseph Probate Court due to his truancy and out of control behavior.

On July 31, 2012, officers were called to the home of J.A.H.'s aunt. J.A.H. was outside of his aunt's home in a state of rage because his aunt had destroyed his new cell phone. When police arrived, J.A.H. was attempting to break the windows of the cars in his aunt's driveway. The police suspected that he may have had a gun. J.A.H. shouted

2

and swore at the police officers. He also refused to put his hands behind his back as directed. After he was transported to the JCC, he tested positive for marijuana. According to J.A.H.'s mother, this event was the culmination of a "three day ordeal" involving drugs and alcohol.

A petition was filed by the State alleging that J.A.H. was a delinquent for committing acts which, if committed by an adult, would have been one count of Class A misdemeanor resisting law enforcement and one count Class B misdemeanor disorderly conduct. J.A.H. and the State submitted an Order of Submission of Admission Agreement, which was accepted by the court stating that J.A.H. would admit that he engaged in resisting law enforcement in exchange for the dismissal of the disorderly conduct charge. Following this agreement and a hearing on September 25, 2012, the St. Joseph Probate Court ordered that J.A.H. be placed with the Department of Correction. J.A.H. now appeals.

## Discussion and Decision

The choice of the specific disposition of a juvenile adjudicated a delinquent child is a matter within the sound discretion of the juvenile court and will be reversed only if there is an abuse of discretion. E.L. v. State, 783 N.E.2d 360, 366 (Ind. Ct. App. 2003). The juvenile court's discretion is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. Id. An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

Indiana Code Section 31–37–18–6 sets forth several factors a juvenile court must consider when entering a dispositional decree. It provides:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
> (1) is:
> (A) in the least restrictive (most family like) and most appropriate setting available; and
> (B) close to the parents' home, consistent with the best interest and special needs of the child;
> (2) least interferes with family autonomy;
> (3) is least disruptive of family life;
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Id. J.A.H. asserts that the juvenile court abused its discretion when it ordered J.A.H. to be committed to the Indiana Department of Correction when a less restrictive disposition was available. Appellant Br. at 4.

After a hearing and considering the recommendations of the St. Joseph Probate Court's Pre-Dispositional Report[1] authored by Director of Probation, Scott Filley, and Probation Officer, Karey Nicholson Marvin, the court ordered J.A.H. to be placed in the Indiana Department of Corrections. Appellant's App. p. 19. The court found that it was in the best interests of the child to be removed from the home to prevent future delinquent behaviors harmful to the juvenile and to others. In light of his long history with the juvenile detention system, J.A.H. needed services beyond what could be provided through probation services, and there were no available, elevated services or facilities

---

[1] The recommendations in the report were the collective judgment of a group of professionals including probation officers, probation supervisors, and mental health providers. Among other factors, the group of professionals considered J.A.H.'s prior record, the family setting, and the educational setting.

4

within St. Joseph County at the time of J.A.H.'s disposition. Neither of J.A.H.'s parents could provide a home with the structure J.A.H. required. While a suitable relative placement was explored, one could not be found. Appellant's App. p. 44. J.A.H.'s mother, the pre-dispositional report, and the court all recommended that J.A.H. be placed at Camp Summit in LaPorte, Indiana. J.A.H. began his commitment at Camp Summit on October 23, 2012.

J.A.H.'s offense was serious in nature and warranted placement in a secure facility. J.A.H.'s long history of prior delinquent acts supported placement in a secure facility. Lesser restrictive means of controlling the child's behavior had been investigated or tried. Appellant's App. p. 45. For all of these reasons, the juvenile court did not abuse its discretion by ordering J.A.H. to be placed with the Department of Correction.

Affirmed.

KIRSCH, J., and CRONE, J., concur.